81 F.3d 147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Barbara CONCEPCION-MORALES, Plaintiff, Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant, Appellee.
 No. 95-1795.
 United States Court of Appeals, First Circuit.
 March 29, 1996.
 
 Juan A. Hernandez Rivera and Raymond Rivera Esteves on brief for appellant.
 Guillermo Gil, United States Attorney, Maria Hortensia Rios-Gandara, Assistant United States Attorney, and Sara Gardiner Kilkenny, Attorney, Region I, Social Security Administration, on brief for appellee.
 Before TORRUELLA, Chief Judge, and BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant Jose Gonzalez appeals a district court order that upheld a decision by the Commissioner of the Social Security Administration that denied claimant's application for child's disability benefits. See 42 U.S.C. § 402(d)(1). Claimant, who was 18 when he filed his initial application, alleged that he suffered from disabling mental retardation since birth.[1] We have thoroughly reviewed the record and the parties' briefs on appeal. We conclude that the district court was correct in concluding that Commissioner's decision is supported by substantial evidence. We add the following comments.
 
 
 2
 1. Claimant's contention that the record does not support the ALJ's conclusion that he is able to work independently without close supervision is belied by the fact that claimant adduced no evidence to show that he required special supervision to perform any of the part time jobs that he had done in the past. To be sure, claimant's teachers reported that he required "direct supervision" to perform and complete tasks in the vocational soldering program in which claimant was enrolled. But this does not establish that claimant requires close supervision to perform simple unskilled work.[2]
 
 
 3
 2. The ALJ implicitly relied on the Grid to find that claimant was capable of the full range of skilled and unskilled work at all exertional levels. See Ortiz v. Secretary of Health and Human Services, 890 F.2d 520, 524 n. 4 (1st Cir.1989). This conclusion is supportable insofar as it pertains to unskilled work. The evidence shows that claimant had at most moderate limitations in his ability meet the basic demands of unskilled work.[3] While it would have been preferable for the ALJ to have taken vocational testimony, the record suggests that claimant's mild mental retardation did not significantly diminish the base of unskilled work that is otherwise available to claimant, particularly given the fact that this claimant has no exertional limitations.
 
 
 4
 3. Contrary to claimant's argument on appeal, the ALJ did not impermissibly find that claimant's impairment was not severe within the meaning of step two in contrast to the opinions of the Commissioner's consultants. While the ALJ's PRTF contained ratings that correspond with a non-severe impairment, the remainder of the ALJ's opinion holds otherwise. Under these circumstances, we disregard the ALJ's contrary ratings. See Ortiz, 890 F.2d at 525 n. 6.
 
 
 5
 Affirmed.
 
 
 
 [1]
 We note that the named plaintiff in this case is claimant's mother, Barbara Concepcion-Morales. Claimant's disability application was based on her earnings record, and she completed the disability claim application forms on her son's behalf. As claimant Gonzalez is the real party in interest, we speak of him as the sole appellant
 
 
 [2]
 Similarly, while Dr. Cabiya reported that claimant's ability to learn a simple repetitive task under close supervision appeared appropriate, he did not say that close supervision was required for claimant to continuously perform simple unskilled jobs. The record suggests that this is not the case
 
 
 [3]
 See SSR 85-15 (basic demands of unskilled work include ability to carry out simply instructions, to respond appropriately to supervision and coworkers, and to deal with changes in work setting)